UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| Alonda Barren Desaussure, | ) | Civil Action No. 2:18-1955-BHH |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | **OPINION AND ORDER** |
| Warden of Lieber Correctional Institution, | ) | |
| Respondent. | ) | |

This matter is before the Court for review of the Report and Recommendation entered by United States Magistrate Judge Mary Gordon Baker on May 15, 2019 ("Report"). (ECF No. 39.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina, this case was referred to Magistrate Judge Baker to review Petitioner Alonda Barren Desaussure's ("Petitioner") 28 U.S.C. § 2254 petition for habeas relief, to handle pretrial matters, and to submit findings and recommendations to the Court. In her Report, the Magistrate Judge recommends that Respondent Warden of Lieber Correctional Institution's ("Respondent") motion for summary judgment (ECF Nos. 25 & 26) be granted. (*See* ECF No. 39 at 2.) The Report sets forth in detail the relevant facts and standards of law, and the Court incorporates them here without recitation.[1]

## **BACKGROUND**

The Magistrate Judge entered her Report on May 15, 2019, recommending that

---
[1] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; exhaustive recitation of law and fact exists there.

1

Defendant's motion for summary judgment (ECF Nos. 25 & 26) be granted, that Petitioner's habeas petition (ECF No. 1) be dismissed with prejudice, and that a certificate of appealability be denied. (ECF No. 39 at 29.) Petitioner filed objections on June 3, 2019. (ECF No. 44.) The matter is ripe for consideration and the Court now makes the following ruling.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

The Court declines to repeat the cogent analysis of the Magistrate Judge with regard to every aspect of each Ground for relief and will confine its analysis of the Report to those portions about which Defendant raises an objection.

**A. Exhaustion of State Court Remedies**

The Magistrate Judge found that Petitioner failed to raise his claims of ineffective

2

assistance of counsel under Grounds One, Two, Three, Five, and Seven during his state court post-conviction ("PCR") proceedings, and, as a result the PCR court did not have the opportunity to adjudicate the facts and law relating to those Grounds. (*See* ECF No. 39 at 9.) Nevertheless, viewing all inferences in the light most favorable to Petitioner, the Magistrate Judge found that Petitioner proffered a basis for excusing the default under *Martinez v. Ryan*, 566 U.S. 1 (2012), and the Magistrate Judge proceeded to the second step of the *Martinez* analysis for Grounds One, Two, Three, Five, and Seven in order to determine whether those Grounds have merit. 566 U.S. at 13 ("To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.")

Petitioner first objects by stating that he has "technically satisfied the exhaustion requirement" because "he does not have any state court remedies available to him," "any future PCR filing will be barred as successive," and "any future PCR application may be untimely under the one-year statute of limitations governing the filing of PCR action[s]." (ECF No. 44 at 7 (citations omitted).) Consequently, Petitioner argues, "[t]his petition should not be dismissed in order to pursue available state remedies as there are none." (*Id.*) Petitioner advances a series of conclusory arguments for why his PCR counsel's representation was objectively unreasonable under the standard established by the U.S. Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), why a fundamental miscarriage of justice will occur if his claims are not heard, and why genuine issues of material fact exist which warrant an evidentiary hearing. (*See* ECF No. 44 at 7–11.)

Petitioner's arguments in this regard do not actually challenge any of the

Magistrate Judge's conclusions regarding whether his ineffective assistance of counsel claims in Grounds One, Two, Three, Five, and Seven were properly exhausted. Nor do they point the Court to any specific error in the Magistrate Judge's analysis regarding whether those claims are *substantial* in the relevant sense. Accordingly, the Court finds that Petitioner's objections regarding exhaustion of his state court remedies are inapposite and the objections are overruled.

### B. General Objections

Petitioner next objects to the Magistrate Judge's Report "because the state court's findings are dressed in a presumption of correctness." (*Id.* at 11.) He requests that this Court "determine that his conviction was based on an unreasonable determination of the facts in light of the evidence presented in the PCR hearing," and urges that "[t]his Court can disagree with a state court's credibility determination and when guided by AEDPA, conclude the decision was unreasonable." (*Id.* at 12.) Petitioner repeatedly asserts that the PCR court either misapprehended the evidence presented or rendered mistaken factual findings due to a mistaken view of the record, but he fails to specify any supposed misapprehension or source of mistake. (*Id.* at 13–14.) In an abundance of caution, the Court has conducted *de novo* review, found these general objections to be without merit, and hereby overrules the objections accordingly. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations.").

### C. Specific Objections

With regard to Ground Two, Petitioner objects "to the [R]espondent's argument

4

because the inaccuracies in the arrest warrant should have been challenged in reference to the probable cause." (ECF No. 4 at 15.) He further asserts that Respondent's mistaken statement, in the summary judgment memorandum, that Petitioner was indicted for "murder" is not harmless. (*Id.*) Even assuming that Petitioner's trial counsel had a cognizable basis to challenge the arrest warrant and could have raised a successful challenge thereto, the Magistrate Judge correctly found that Petitioner cannot show that counsel's allegedly deficient performance prejudiced the defense because, in any event, Petitioner would have been arrested pursuant to having been indicted by a properly constituted grand jury for armed robbery and assault and battery in the first degree. (*See* ECF No. 39 at 12.) Moreover, the Magistrate Judge reasonably concluded that Respondent's mistaken reference to Petitioner being indicted for "murder" was unintentional and harmless in light of the remainder of Respondent's memorandum, which clearly reflects that Respondent understands and acknowledges the correct crimes with which Petitioner was charged. (*Id.* at 12 n.5.) The Court finds no error in the Magistrate Judge's analysis and conclusions regarding Ground Two and the objection is overruled.

With respect to Ground Three, Petitioner objects by arguing that summary judgment should be denied because, "When the state law concerning speed trial rights are unsettled in this state, petitioner have no other alternative but to file a federal constitutional claim." (ECF No. 44 at 15 (errors in original).) The Magistrate Judge correctly noted that Petitioner's claim of ineffective assistance based upon his trial counsel's failure to file a motion pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161–3174, is unavailing because the Speedy Trial Act is not applicable to state court criminal proceedings. (*See* ECF No. 39 at 13–14); *United States v. Thomas*, 55 F.3d 144, 148

(4th Cir. 1995) (stating that Speedy Trial Act relief requires that the arrest must be a federal arrest upon a federal charge). Accordingly, the objection is without merit and is overruled.

Regarding Ground Four, Petitioner argues that summary judgment should not be granted because there is a reasonable probability that the outcome of trial would have been different if his trial counsel had procured an eyewitness identification expert. (*See* ECF No. 44 at 16.) Petitioner asserts that his trial counsel did not hire such an expert witness because Petitioner was unable to pay the expert's fees, and that it was error for trial counsel not to explore alternate funding methods for the expert's fees because the State's case rested entirely on eyewitness accounts and an expert could have exposed those accounts as unreliable. (*Id.* at 17.) In the Report, the Magistrate Judge dealt with these issues in depth. (*See* ECF No. 39 at 17–26.) After reviewing the record evidence regarding the eyewitness identification testimony at trial, Dr. Wallendael's testimony at the PCR hearing, trial counsel's PCR testimony, and the PCR court's factual and legal findings, the Magistrate Judge concluded that the PCR court's rejection of this ineffective assistance of counsel claim was not contrary to, or an unreasonable application of, clearly established federal law, nor was the PCR court's decision based on an unreasonable determination of the facts. (*Id.* at 17–25.) Moreover, Dr. Wallendael's testimony at the PCR hearing included conclusions that were favorable to both Petitioner and the State. (*See* ECF No. 25-1 at 512.) Therefore, even assuming trial counsel's decision to proceed without an expert witness was professionally unreasonable, the Magistrate Judge found that the PCR court was not incorrect to conclude that Petitioner could not show a reasonable probability that the expert testimony would have affected the outcome of his

trial. (*See* ECF No. 39 at 25–26.) Petitioner's objection is conclusory and reveals no error in the Magistrate Judge's sound reasoning and conclusions regarding Ground Four. Accordingly, the objection is overruled.

With respect to Ground Seven, Petitioner objects "because attorney Mayer testified that his trial strategy was to present an alibi defense. Mayer relied on this defense in his opening argument but failed to present a strong alibi defense with the names and address of the intended witnesses." (ECF No. 44 at 16.) He further asserts, "With the testimony of the witness that testified, a[n] alibi jury instruction was warranted. Counsel was deficient for not requesting it. There is a reasonable probability that the outcome of petitioner's trial would have been different had one been instructed." (*Id.*) The Magistrate Judge clearly and accurately stated the record evidence, or lack thereof, regarding Petitioner's attempted alibi defense and trial counsel's reasonable efforts to locate and procure the alibi witnesses that Petitioner identified. (*See* ECF No. 39 at 15–16.) Whereupon the Magistrate Judge concluded, "Given that Petitioner's trial counsel was unable to present evidence in support of Petitioner's alibi, . . . an alibi charge would have been unwarranted in this case and, consequently, Mr. Mayer was not deficient in failing to request such." (*Id.* at 16.) Moreover, even assuming that Petitioner's trial counsel should have requested an alibi charge, the Magistrate Judge reasoned that Petitioner cannot show he was prejudiced by this alleged error because "[o]ther than Petitioner's unsubstantiated assertion, there was no evidence in the record to corroborate that Petitioner was in a different part of town shortly before the robbery. To the contrary, [Petitioner's only alibi witness] testified that he had no recollection of seeing Petitioner." (*Id.* at 17.) Petitioner's conclusory objection fails to reveal any error in the Magistrate Judge's findings and

conclusions regarding Ground Seven, and the objection is overruled.

### D. Traverse

Petitioner concludes his objections with an extensive discussion of why a traverse is supposedly necessary in this case because "Respondent's answer is misleading . . . and admits trial counsel's errors that [P]etitioner proved at the PCR hearing and S.C. Supreme Court." (ECF No. 44 at 18–29.) This assertion, along with its attendant discussion of irrelevant case law, is without merit and requires no further discussion by the Court. To the extent it can be construed as an objection, it is overruled.

## **CONCLUSION**

After careful consideration of the relevant materials and law, and for the reasons set forth above, the Court ADOPTS the Report (ECF No. 39) of the Magistrate Judge and incorporates it herein. Accordingly, Petitioner's objections (ECF No. 44) are OVERRULED, Respondent's motion for summary judgment (ECF Nos. 25 & 26) is GRANTED, Petitioner's § 2254 habeas petition (ECF No. 1) is DISMISSED with prejudice, and a certificate of appealability is denied.[2]

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

September 19, 2019
Charleston, South Carolina

---

[2] Title 28, Section 2253 provides in relevant part, that, "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or (B) the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the case sub judice, the legal standard for a certificate of appealability has not been met.